No. 205 March 18, 2026 823

***This is a nonprecedential memorandum opinion
pursuant to ORAP 10.30 and may not be cited
except as provided in ORAP 10.30(1).***

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

MULTNOMAH PNW PROPERTIES, LLC,
an Oregon limited liability company,
*Plaintiff-Respondent,*

*v.*

David FAZIO, JR.,
an individual, and Kristi Fazio, an individual,
*Defendants-Appellants.*

Multnomah County Circuit Court
21CV09139; A183679

Beth A. Allen, Judge.

Argued and submitted February 5, 2026.

Iván Resendiz Gutierrez argued the cause for appellants. Also on the brief was Jacob A. Zahniser.

No appearance for respondent Multnomah PNW Properties, LLC.

Before Shorr, Presiding Judge, Lagesen, Chief Judge, and O'Connor, Judge.

LAGESEN, C. J.

Reversed and remanded.

**LAGESEN, C. J.**

Defendants appeal a general judgment that granted plaintiff "all right, title, and interest" to a roadway located on defendants' property. The court entered that judgment after determining that plaintiff and its predecessors "adversely possessed" the roadway in dispute for a period of at least 10 years. Plaintiff has waived appearance on appeal. We reverse and remand because the evidence is legally insufficient to support a finding that plaintiff's predecessors maintained "exclusive" possession of the road in the manner required to establish a claim of adverse possession.[1] *See* ORS 105.620(1) (a) (possession must be "exclusive," among other things).

Although defendants request *de novo* review, we decline that request. Accordingly, our review is to determine whether the evidence presented is legally sufficient to support the trial court's finding that plaintiff proved the elements of adverse possession. In this instance, the question is whether the evidence is legally sufficient to support a finding that plaintiff's predecessors possessed the road in an "exclusive" way. In so doing, we view the evidence in the light most favorable to plaintiff and determine whether it is legally sufficient to support their claim. *Kelly v. Washington County*, 303 Or App 20, 21, 463 P3d 36 (2020). Because claims of adverse possession must be proved by clear-and-convincing evidence, this means we must determine whether the evidence is legally sufficient to permit a rational factfinder to find that it is "highly probable" that plaintiff's predecessors' possession of the road was sufficiently exclusive to support a determination that they adversely possessed the road. *See Hammond v. Hammond*, 296 Or App 321, 328-29, 438 P3d 408 (2019) (explaining that a claim of adverse possession must be proved by clear and convincing evidence that allows for a finding that the truth of the facts asserted is highly probable).

"Oregon's law of adverse possession uniformly requires a degree of exclusive possession characteristic of that which an owner of the property would exercise." *Harrell v. Tilley*, 201 Or App 464, 477, 119 P3d 251 (2005). "[E]ven

---

[1] We focus on plaintiff's predecessors because plaintiff's claim and the trial court's ruling rested on the evidence of their use of the road.

when such use rises to the level of equal use by the [adverse possession] claimant and others, the required exclusivity is not satisfied." *Id.* (citing *Werner v. Brown*, 44 Or App 319, 324-25, 605 P2d 1352, *rev den*, 289 Or 71 (1980). Here, the evidence, viewed in the light most favorable to plaintiff, does not permit a rational inference that it is highly probable that plaintiff's predecessors possessed the roadway with the necessary exclusivity. The evidence of plaintiff's predecessors' use does not supply the level of detail that would allow the rational inference that it is highly probable that their use of the road was of the character that would displace defendants' ownership interest. Additionally, to the extent the evidence does paint a picture of the use, it does not allow for a rational inference that the use was anything other than the type of mutual use that precludes a determination of adverse possession.

For many years, plaintiff's property was used primarily for duck hunting. During that time, plaintiff's predecessors and defendants both used the road. Plaintiff's predecessors used it primarily for duck hunting purposes; defendants used it for agricultural purposes. At one point, defendants gave a Quonset hut to plaintiff's predecessors. Plaintiff's predecessors placed it near the roadway and, for a while, rented it to a tenant who graveled part of the roadway. Plaintiff's immediate predecessor, who inherited the property from her parents, described the road as "an easement road" in an earlier stage of the case. When asked to explain that earlier testimony at trial, she testified that she meant "that the road has been there for [many] years. We've used it. There's never been a problem." As was the case in *Harrell*, that evidence of longstanding mutual use of the road by defendants and plaintiff's predecessors precludes the rational inference that it is highly probable that the use of the road by plaintiff's predecessors was sufficiently "exclusive * * * to wrest possession and ownership from the record title holders." *Harrell*, 201 Or App at 477. The trial court therefore erred in determining that plaintiff was entitled to take the roadway by adverse possession.

We therefore reverse the judgment that was entered in favor of plaintiff on the claim for adverse possession and

remand for further proceedings. This disposition obviates the need to address defendants' third assignment of error, which challenges the boundaries of the parcel to which the trial court granted title to plaintiff. Although in their second assignment of error defendants ask us to direct the trial court to enter judgment in their favor on their equitable counterclaims, the question of whether defendants are entitled to prevail on their equitable counterclaims is best resolved by the trial court in the first instance.

Reversed and remanded.